### BEVERLY WOOD v. THE STATE.

#### *No. 3688. Decided January 30, 1907.*

**1.—Murder in Second Degree—Evidence—Animus—Malice.**

Where upon trial for murder a State's witness testified that at the time of the killing or immediately afterwards, the witness heard a negro say to defendant, that the deceased was cut to death, and that defendant replied that he had already got three and if that s—n of a b—t—h died it would make four, there was no error; this testimony showed the animus and malice of defendant and was admissible. Besides the explanation of the court showed that another witness had substantially testified to the same statement.

**2.—Same—Temporary Insanity—Ardent Spirits—Insanity.**

Where upon trial for murder the charge on temporary insanity produced by the recent use of ardent spirits, and the charge on general insanity were in accord with the statute, there was no error.

Appeal from the District Court of Limestone. Tried below before the Hon. L. B. Cobb.

Appeal from a conviction of murder in the second degree; penalty, sixty-five years imprisonment in the penitentiary.

The evidence showed that the defendant and deceased were intoxicated, quarreling and cussing each other; that deceased called defendant a son of a b-t-h, whereupon the defendant seized a butcher knife, but was prevented from cutting deceased at that time; that afterwards, the parties again quarreled, and while the proprietor was putting some disorderly parties out of the house, and after he went to the back of the building, he saw deceased leaning up against the wall with his throat cut, and defendant was within two or three feet of him with an open knife in his hand; that deceased did not have anything in his hand; that witness asked the defendant why he had cut deceased and he made no reply, but turned and walked out of the building, still having the open knife in his hand as he went out. The defendant testified that he was asked to take the deceased home in a wagon; that the latter refused and cursed him, and that he seized a butcher knife to cut him but was prevented from doing so; that after a while the trouble started again, and the deceased got defendant's head under his arm and struck him with a jug, bruising him up; that then he cut him; and he does not remember that he made the declaration that deceased made his fourth man, but that if he did, it was not true.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at sixty-five years confinement in the penitentiary; hence this appeal.

During the trial appellant objected to the testimony of the State's witness Shoemate, as follows: "That at the time of the killing or immediately afterwards, the witness heard a negro, whose name he did not know, say to the defendant, 'That man is cut to death,' and defendant said in reply, 'I have already got three and if that son of a bitch dies, it will make four.' This was objected to by appellant because said testimony was immaterial and prejudicial to his rights in that the jury might reasonably infer from said testimony that the defendant had heretofore been guilty of killing four men, including the deceased; further, because the testimony of defendant shows that he had never been guilty of any other homicide except the killing of deceased." The court explains this bill by stating at the time this testimony was admitted the defendant had not then testified; that the testimony was admitted as an admission of defendant that he had cut deceased and the allusion to others was so connected with the admission as that it could not be eliminated, besides the witness, Shearer had already, without objection, testified to substantially the same statement. We think the explanation given by the court satisfactorily stated the reasons for the admission of said testimony. This testimony could be used by the State to show the animus of appellant, and to show his malice. The fact that he contradicted this by his own evidence would not render it inadmissible.

In motion for a new trial appellant objected to the charge of the court on temporary insanity produced by the recent use of ardent spirits. We understand this charge to be in accord with our statute on the subject. See Evers v. State, 31 Texas Crim. Rep., 318. The court's charge also on insanity not produced by the recent use of intoxicating liquors was correct. We have examined the record carefully, and in our opinion there are no reversible errors. The testimony fully sustains the verdict, and the judgment is affirmed.

*Affirmed.*